# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MELINDA LYNCH, ET AL. | § | |
| | § | |
| V. | § | CASE NO. 4:05CV234 |
| | § | (Judge Schell/Judge Bush) |
| PRIMAX RECOVERIES, INC., ET AL. | § | |

## ORDER

Before the Court is Plaintiffs' Motion to Abstain and to Remand. Having considered the motion and Defendants' response, the Court is of the opinion that Plaintiffs' motion should be denied.

Plaintiffs were injured in an automobile accident, and Connecticut General Life Insurance Company paid health insurance benefits to Plaintiffs to cover the costs of Plaintiffs' medical bills. Plaintiff Melinda Lynch suffered a life threatening brain injury as well as injuries to her neck and vocal chords. Her medical bills exceeded $500,000. Ms. Lynch received $313,000 from the third-party's insurance carrier and $250,000 from her own under-insured motorist carrier. The remaining Plaintiffs received nothing from the third-party carrier and their under-insured motorist claims are still pending. Defendant Connecticut General Life Insurance and its third-party collector, Defendant Primax Recoveries, Inc. are claiming a subrogation interest in the monies paid to Ms. Lynch by the automobile insurance carriers.

Plaintiffs filed their Original Petition in the 199th Judicial District of Collin County, Texas on May 17, 2005. Thereafter, on June 16, 2005, Defendants timely removed the action claiming that this Court has original jurisdiction since plaintiff's claims arise under section 502(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132, *et seq.* ("ERISA"). Defendants

also allege that the amount in controversy exceeds $75,000, but they allege no other facts which would indicate that the Court has diversity jurisdiction.

Plaintiffs move to remand claiming that federal question jurisdiction does not exist since Plaintiffs mention ERISA nowhere in their complaint. Rather, Plaintiffs contend that they are only seeking a declaratory judgment that the state law "made whole" and "common fund" doctrines apply to their personal injury recoveries. Plaintiffs argue that the Court lacks original jurisdiction since the only basis for federal question jurisdiction lies in Defendants' affirmative ERISA defense. In the alternative, Plaintiffs request that the Court abstain, as their claims primarily involve issues of state law.

The federal removal statute authorizes removal to federal court of a civil action filed in state court if the claim is one "arising under" federal law. *See* 28 U.S.C. § 1441(b). When determining whether a claim arises under federal law, district courts examine the "well pleaded" allegations of the complaint, ignoring any potential defenses. *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003). A suit only arises under federal law when the complaint shows that it is based on federal law, and as a general rule, a case will not be removable unless the complaint affirmatively alleges a federal claim. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). However, there is an exception to the well pleaded complaint rule when Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). The Supreme Court has held that state law claims which seek relief within the scope of ERISA § 502(a)(1)(B) are completely preempted. *Id.* at 62-66.

No party denies that the health benefits plan at issue is covered by ERISA. Section 502(a)(1)(B) of ERISA states:

>(a)…A civil action may be brought–
>
>>(1) by a participant or beneficiary–
>>…
>>(B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.…

29 U.S.C. § 1132. The Court finds that Plaintiffs' claims can fairly be characterized as either "claims to recover benefits due [the]m under the plan" or as claims to "enforce [their] rights under the plan." *See Arana*, 338 F.3d at 438. Although Defendants have already paid the benefits and are merely seeking subrogation, Plaintiffs have not fully recovered the benefits since they are not free and clear of Defendants' claims. *Id.*; *see also Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 868-69 (W.D. Tex. 2001) (holding that insured's suit to recover sums he paid to reimburse ERISA plan from tort settlement proceeds was suit "to recover benefits due him under the terms of the plan, *to enforce his rights under the terms of the plan*, or to clarify rights to future benefits under the terms of the plan")(emphasis in original). The Supreme Court has held that there is complete preemption over claims that seek relief "within the scope of the civil enforcement provisions of § 502(a)." *Metro Life*, 481 U.S. at 66. Conflict preemption under ERISA § 514 is not required. *Arana*, 338 F.3d at 440.

Although Plaintiffs claim that their petition only involves claims relating to state law, the Court finds, and Plaintiffs do not contest, that the plan at issue is an ERISA plan. Plaintiffs are attempting to enforce their rights under ERISA § 502(a) so that they may retain the benefits paid free and clear of Defendants' subrogation interest. As such, Plaintiffs' claims are preempted and the Court has original jurisdiction. The Court finds that Defendants' removal was appropriate and that neither abstention nor remand is warranted.

Based upon the foregoing, the Court finds that Plaintiffs' Motion to Abstain and to Remand should be, in all respects, DENIED.

IT IS SO ORDERED.

**SIGNED this 18th day of October, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE