# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MELINDA LYNCH, ET AL. | § | |
| | § | |
| V. | § | CASE NO. 4:05CV234 |
| | § | (Judge Bush) |
| PRIMAX RECOVERIES, INC., ET AL. | § | |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment (Docket #27), Plaintiffs' Cross Motion for Summary Judgment (Docket #28), and Defendants' Response to Plaintiffs' Cross Motion for Summary Judgment and Motion to Strike Evidence (Docket #30). By separate order, the Court has granted Defendants' Motion to Strike Evidence pursuant to Local Rule CV-7(d) for Plaintiffs' failure to respond. Therefore, the Court is left to address the parties' motions for summary judgment.[1]

## Facts

Plaintiff Michael Lynch was a participant in a self-funded employee welfare benefit plan offered by his former employer, Atrium, Inc. The Third Party Administrator of the plan was CIGNA, Inc./Connecticut General ("CIGNA/CG"), which is not a party to this suit. The plan involved a stop-loss provision, under which individual medical expenses exceeding $125,000.00 were insured by Defendant Connecticut General Life Insurance Company ("CGLIC").

Plaintiffs Melinda Lynch, Sean Lynch, and Alyssa Lynch, Michael Lynch's wife and

---

[1] The Court notes that Plaintiffs failed to formally respond to Defendants' Motion for Summary Judgment. However, Plaintiffs clearly expressed their opposition to the motion in their Cross Motion for Summary Judgment. Although the Cross Motion for Summary Judgment was filed one day after the response deadline, Defendants have not objected, and the Court will consider the Cross Motion for Summary Judgment as both a motion and a response.

1

children, respectively, were covered by the plan as dependents and were plan participants. All were involved in a motor vehicle accident on November 24, 2002 and sustained injuries. Melinda Lynch was most severely injured, suffering a brain injury and a severe neck injury requiring that the vertebrae in her neck be fused together. Plaintiffs incurred substantial medical expenses, the majority of which were attributable to Melinda Lynch's injuries, and the Plan issued payments in the amount of $280,270.20.

After the accident, the Plaintiffs engaged their attorney in this matter, John "Lin" McCraw, III to sue the third-party tortfeasors and obtain recovery from their underinsured motorist coverage. Melinda Lynch received $313,600.73 from the insurance of William Bangs, the other driver in the accident, and $250,000.00 from her underinsured motorist coverage, for a total recovery $563,600.73. Defendants, pursuant to a subrogation clause in the Plan documents, seek reimbursement for the $280,270.20 they paid in medical expenses.

Plaintiffs filed this action seeking declaratory judgment in the 199th Judicial District of Collin County, Texas on May 17, 2005. Defendants removed the action to this Court on June 16, 2005. The Court denied Plaintiffs' Motion to Remand, and all parties now move for summary judgment.

### **Standard**

Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The trial court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enters, Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)(citations omitted). The party seeking summary judgment carries the burden of demonstrating that there is no actual dispute as to any material fact in the case. This burden, however, does not require the moving party to produce

evidence showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party satisfies its burden by "pointing out to the district court... that there is an absence of evidence to support the nonmoving party's case." *Id.*

Once the moving party has satisfied its burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). If the nonmovant fails to set forth specific facts in support of allegations essential to that party's claim and on which that party will bear the burden of proof, then summary judgment will be appropriate. *Celotex*, 477 U.S. at 323. Even if the nonmovant brings forth evidence in support of its allegations, summary judgment will be appropriate "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)(citations omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*

## Subrogation Clause

The first matter in dispute is whether or not the subrogation clause on page 106 of the Plan documents applies. The clause states:

**RIGHT OF REIMBURSEMENT**
The Policy does not cover:
  (1) Expenses for which another party may be responsible as a result of liability for causing or contributing to the injury or illness of you or your dependents.

  (2) Expenses to the extent they are covered under the terms of any automobile medical, automobile no fault, uninsured or underinsured motorist, workers' compensation, government insurance, other than Medicaid, or similar type of insurance or coverage when insurance coverage provides benefits on behalf of you or your dependants.

If you or a Dependant incur health care Expenses as described in (1) or (2) above,

>Connecticut General shall automatically have a lien upon the proceeds of any recovery by you or your Dependent(s) from such party to the extent of any benefits provided to you or you Dependent(s) by the Policy. You or your Dependent(s)or their representative shall execute such documents as may be required to secure Connecticut General's rights. Connecticut General shall be reimbursed the lesser of:
>
>>the amount actually paid by CG [or the HealthPlan] under the Policy; or
>>
>>an amount actually received from the third party;
>
>at the time that the third party's liability is determined and satisfied; whether by settlement, judgment, arbitration or otherwise.

Plaintiffs initially complain that the subrogation clause should not apply because it is not contained within the Plan Summary Description ("PSD"). Plaintiffs point out that the table of contents states that the PSD begins on page 117. The pagination between the table of contents and Plan are somewhat off, but on page 119 a section entitled Summary Plan Description begins. The top of each page from 119 through 126 is labeled Summary Plan Description and the description lists much of the information required from an SPD. The subrogation provision is not mentioned in the section titled Summary Plan Description. Plaintiffs argue that the absence of the subrogation provision in the Summary Plan Description section renders the provision inapplicable. Defendants counter that the entire 140 page document, and not merely the 8 pages so labeled, constitutes the SPD.

ERISA requires that an SPD be furnished to participants and beneficiaries. 29 U.S.C. § 1022. The SPD must contain information such as the name of the plan, the type of administration, whether a health insurance issuer is responsible for any administration or payment of claims, the name and address of the issuer, the plan's requirements with respect to eligibility for participation in benefits, *circumstances which may result in disqualification, ineligibility, or denial or loss of benefits*, etc. 29 U.S.C. § 1022(b). The Code of Federal Regulations requires that an SPD include "a statement

clearly identifying circumstances which may result in disqualification, ineligibility, or denial, loss, forfeiture, suspension, offset, reduction or recovery **(e.g., by exercise of subrogation or reimbursement rights)** of any benefits that a participant or beneficiary might otherwise reasonably expect the plan to provide." 29 C.F.R. 2520.102-3 (emphasis added). The Court finds that the subrogation provision at issue is likely broad enough to cover the first and third party benefits received by Plaintiffs.[2] The question is whether the subrogation provision appears within the SPD.

The Fifth Circuit has held that when there are conflicts between the Plan or master policy and the SPD, the SPD controls. *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 981-82 (5th Cir. 1991). *Hansen* involved a conflict between a 5-page SPD contained within a plan booklet and the master policy. *See Id.* The Fifth Circuit held that an SPD must be "sufficiently comprehensive to reasonably apprise" plan participants of their rights and obligations under the plan, and that to allow terms in a plan or policy to control over conflicting terms in an SPD would defeat the purpose of requiring an SPD. *Id.* at 981 (quoting 29 U.S.C. § 1022). When there are conflicts between the plan and plan summary, it would be unfair to allow the terms of the plan to control, unfairly punishing the employee who reasonably relies on the SPD. *Id.* at 982; *McKnight v. S. Life & Health Ins. Co.* 758 F.2d 1566, 1570 (11th Cir. 1985). SPD's are therefore binding and when there are conflicts between the SPD and the plan, the SPD shall govern. *Edwards v. State Farm Mut. Auto Ins. Co.*, 851 F.2d 134 (6th Cir. 1988). Any ambiguity between a plan and an SPD must be resolved in favor of the employee and against the drafter. *Hansen*, 940 F.2d 982.

---

[2]The Court notes, however, that the provision is somewhat vague in that it uses the term "health care expenses" which term does not appear to be defined or frequently used in the Plan documents. The term may be somewhat confusing to the lay reader, especially since the Plan generally refers to "covered expenses." However, the Court does not reach this issue.

The section of the plan document labeled "Summary Plan Description" lists the name of the plan, the type of administration, the name and address of the plan administrator, the names of the trustees, whether there is a collective bargaining agreement, a summary of the benefits, information about funding, the claim review procedure, information on remedies, and information on claim determination procedures, among other items. In fact, the "Summary Plan Description," almost in order, lists all of the items required by 29 U.S.C. § 1022(b). What is conspicuously missing is any information on subrogation. Subrogation is only mentioned on page 106 of the plan documents.

From the face of the Plan documents, the Court finds that the administrator intended for pages 119 through 126 to constitute the SPD. The index designates this section as the SPD, and each of these pages is labeled as such. It is evident from the text of the SPD that the administrator was attempting to draft an SPD in compliance with § 1022(b). The administrator failed to do so, however, by failing to include information about subrogation which is included in the Plan documents. The Court is not persuaded by Defendants' argument that the entire 140 page document constitutes the SPD. If this were the case, it would make little sense to have a separate, simplified section which is not only titled and labeled SPD, but which clearly attempts to comply with the requirements of an SPD. Furthermore, the 140 page document hardly meets the requirement that an SPD be "written in a manner calculated to be understood by the average plan participant." 29 U.S.C. § 1022(a).

That the SPD was attached to the latter part of the Plan documents, which were also issued to Plaintiff, is of little consequence. Section 1022 and the Federal Regulations require that an SPD notify employees if they may be denied benefits because of subrogation. While the Plan has a subrogation provision, the SPD mentions subrogation nowhere. Although administrators may

reference the plan documents within an SPD, the purpose of an SPD would be defeated if administrators could rely upon the plan to clarify omissions, ambiguities, or conflicts in the SPD. *Hansen* 940 F.2d at 982. Furthermore, it would defeat the purpose of the statute to allow employees to rely upon the SPD, and then punish them for doing so when it conflicts with the plan. Any ambiguities must be resolved against the drafter and in favor of the plan participants. *Id.*; *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 15 (5th Cir. 1991). The Court therefore finds that the subrogation provision does not apply since it is mentioned nowhere within the 8 page SPD.

The Court finds that, as the subrogation clause does not apply, Defendants' Motion for Summary Judgment should be denied and Plaintiffs' Motion for Summary Judgment should be granted with respect to the applicability of the subrogation clause. The Court need not, and declines to, address any issues beyond the applicability of the subrogation clause.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is DENIED and Plaintiffs' Motion for Summary Judgment is GRANTED. The parties are to bear their own costs and fees incurred herein.

**SIGNED this 25th day of May, 2006.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE